IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 1:16-cr-00038-SA-DAS

JUDY HARMON

MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Judgment of Acquittal, or alternatively, Defendant's Motion for New Trial [257].

*Background and Procedural History*

On May 23, 2016, a multi-count Superseding Indictment was returned against the Defendant and ten other co-defendants with unlawfully, knowingly, and intentionally conspired to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1) and 846.

Defendant proceeded to trial on September 11, 2017. On September 15, 2017, a jury returned a verdict of guilty and granted a special verdict of forfeiture against Defendant. Defendant now argues that the evidence at trial was insufficient to sustain a conviction for violation of Section 841 or 846.

*Standard*

Rule 29 of the Federal Rules of Criminal Procedure provides that a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). A court "do [es] not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008); *see United States*

*v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004) (citing *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992), *cert. denied*, 507 U.S. 943, 113 S. Ct. 1346, 122 L. Ed. 2d 728 (1993) ("Determining the weight and credibility of the evidence is within the exclusive province of the jury.")). The jury verdict will be upheld if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). A court "views the evidence in the light most favorable to the verdict and draws all reasonable inferences from the evidence to support the verdict." *Percel*, 553 F.3d at 910 (internal quotation marks and citation omitted).

Furthermore, Rule 33 of the Federal Rules of Criminal Procedure provides in pertinent part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(b). "In th[e Fifth] Circuit, the generally accepted standard is that a new trial ordinarily should not be granted 'unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict.'" *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). "'A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant.'" *Id.* (quoting *Wall*, 389 F.3d at 466).

*Discussion and Analysis*

When examining the sufficiency of the evidence underlying a conviction, this Court is "highly deferential to the verdict." *See United States v. Herrera*, 466 F. App'x. 409, 414 (5th Cir. 2012) (per curiam) (quoting *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011). "It is not necessary that the evidence exclude every rational hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided a reasonable trier of fact could find the

evidence establishes guilt beyond a reasonable doubt." *Id. (quoting United States v. Valdez*, 453 F.3d 252, 256 (5th Cir. 2006) (citations omitted). The question is thus whether the jury's verdict was reasonable—not whether it was correct. *Id.* (citing *Moreno-Gonzalez*, 662 F.3d at 372).

Defendant was found guilty of possession with the intent to distribute methamphetamine and conspiracy to distribute. "The essential elements of possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841 are 1) knowledge, 2) possession, and 3) intent to distribute the controlled substances." *United States v. Cain*, 440 F.3d 672, 675 (5th Cir. 2006) (citing *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001)).

The elements of a conspiracy under 21 U.S.C. § 846 are that "(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy." *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir.), *cert. denied*, 568 U.S. 1037, 133 S. Ct. 673, 184 L. Ed. 2d 477 (2012). "The essence of the crime of conspiracy is the agreement to commit an unlawful act." *United States v. Mills*, 555 F. App'x 381, 385 (5th Cir.) (per curiam), *cert. denied*, 135 S. Ct. 140, 190 L. Ed. 2d 105 (2014) (citing *Iannelli v. United States*, 420 U.S. 770, 777, 95 S. Ct. 1284, 43 L. Ed. 2d 616 (1975)). "The agreement need not be explicit, but can be inferred from the facts and circumstances of the case." *Id.* (citing *Iannelli*, 420 U.S. at 777 n.10, 95 S. Ct. 1284); *see also United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996).

However, "[t]o be convicted of engaging in a criminal conspiracy, an individual need not know all the details of the unlawful enterprise or know the exact number or identity of all the co-conspirators, so long as he knowingly participates in some fashion in the larger objectives of the conspiracy." *United States v. Garcia Abrego*, 141 F.3d 142, 155 (5th Cir. 1998) (internal citation

omitted). Furthermore, "[a] defendant may be convicted on the uncorroborated testimony of a co-conspirator who has accepted a plea bargain unless the co-conspirator's testimony is incredible." *United States v. Booker*, 334 F.3d 406, 410 (5th Cir. 2003) (citing *United States v. Villegas—Rodriguez*, 171 F.3d 224, 228 (5th Cir. 1999)). "Testimony is incredible as a matter of law only if 'it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature.'" *Id.* (quoting *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994)).

During trial, the jury heard evidence that Gerardo Lima, a/k/a "Jerry Zamora," was the leader of a drug trafficking organization (DTO) primarily located in Lee County, Mississippi. The DTO received multiple pounds of methamphetamine from sources of supply in California and Tennessee that it then distributed and sold in Northern Mississippi. During Defendant's trial, Lima testified that the DTO sold and distributed in excess of one-hundred pounds of methamphetamine over the course of approximately sixteen months.

Further, Gerardo Lima and indicted co-conspirator Abigail Lima testified that a large portion of the drugs were sold and distributed to the Defendant and her longtime boyfriend, Thomas "Tommy" Scruggs. The Limas documented the transactions in ledgers, which were admitted during the course of the trial. Also among the Government's evidence were wire intercepts (phone calls) which corroborated the Lima's testimony, and substances seized by law enforcement during the execution of federal search warrants and purchased by an undercover federal agent. Gerardo Lima testified that the substances were substantially similar to the methamphetamine received from California that was distributed to Defendant. The jury also heard testimony from Defendant's customers, who testified that collectively, they purchased in excess

4

of fifty pounds of methamphetamine from Defendant over the course of the dates listed in the indictment.

After viewing the evidence in the light most favorable to the jury verdicts, the Court concludes that the jury could have found that the Government showed beyond a reasonable doubt the essential elements of all counts of which Defendant was found guilty. Given the particularly damaging testimony given by co-conspirators, customers, and federal agents, the Court finds that the evidence at trial clearly supported the jury verdict. Furthermore, the testimony given by the co-conspirators was not incredible as a matter of law. Thus, Defendant is not entitled to a new trial or a judgment of acquittal based on her challenge regarding the sufficiency of the evidence. Defendant's Motion for Judgment of Acquittal or New Trial is DENIED.

SO ORDERED this the 24th day of October 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE